IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ASHLEY STOCK, | ) |
|    *Plaintiff*, | ) |
| v. | ) No. 2: 22-cv-04104-DGK |
| JAMES L. GRAY, et al., | ) |
|    *Defendant*. | ) |

## DEFENDANTS' ANSWER

Defendants James L. Gray III, Christian S. Tadrus, Douglas R. Lang, Anita L. Parran, Christina M. Lindsay, Colby Grove, and Pamela L. Marshall, all members of the Missouri Board of Pharmacy, by and through counsel, answer Ashley Stock's Complaint as follows. Defendants note that the Complaint's headings are reproduced for ease of reference and to the extent a response is required, the headings are denied.

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's motivations for bringing suit, and therefore denies them. The remaining allegations in Paragraph 2 are legal conclusions to which no response is required.

3. The allegations in Paragraph 3 are legal conclusions to which no response is required. The cited legal authorities speak for themselves.

4. Defendants admit that Plaintiff is a Missouri-licensed pharmacist working at a pharmacy in St. Louis. Defendants lack knowledge of Plaintiff's day-to-day duties and what communication is required by her employer. The remaining allegations in paragraph 4 are legal conclusions to which no response is required. The cited legal authorities speak for themselves.

1

5. Defendants admit that the Complaint seeks the stated relief in Paragraph 5 but denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

6. The allegations in Paragraph 6 are legal conclusions to which no response is required. The cited legal authorities speak for themselves.

7. The allegations in Paragraph 7 are legal conclusions to which no response is required. The cited legal authorities speak for themselves.

8. The allegations in Paragraph 8 are legal conclusions to which no response is required. The cited legal authorities speak for themselves.

## PARTIES

9. Defendants admit that Ashley Stock is a Missouri licensed pharmacist and a citizen of Missouri. The remaining allegations in Paragraph 9 are denied.

10. Admitted.

11. Admitted.

## FACTS

### THE PLAINTIFF

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied.

16. Defendants admit that Plaintiff was employed at a Walgreens in St. Louis, Missouri, and deny the remaining allegations in Paragraph 16.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies them.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies them.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies them.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies them.

22. The Code of Ethics for Pharmacists states the quoted portions, but the document speaks for itself, and Defendants deny any characterization of it.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them.

25. Admitted that the cited FDA-approved label speaks for itself, but Defendants deny any characterization of it.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies them. The cited document speaks for itself and Defendants deny any characterization of it.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies them.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies them.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies them.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "[s]peculative procurement of hydroxchloroquine occurred across the country," and therefore denies it.  Defendants note that the cited Settlement Agreement speaks for itself and denies any characterization of it.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies them.

32.     Defendants state that the cited FDA press release speaks for itself, and denies any characterization of it.  Defendants admit that the FDA revoked the "Emergency Use Authorization (EUA) for emergency use of oral formulations of chloroquine phosphate (CQ) and hydroxychloroquine sulfate (HCQ) to be distributed from the Strategic National Stockpile (SNS) issued on March 28, 2020" and that the document states that "FDA has determined that the criteria under section 564(c) of the Act for issuance of the EUA referenced above are no longer met." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies them.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies them.  Defendants note that the cited news release speaks for itself and denies any characterization of it.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies them. [Time.com article].

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies them.

## IVERMECTIN

36. Admitted.

37. Admitted.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies them. Defendants note that the cited article speaks for itself and denies any characterization of it.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies them. Defendants note that the cited article speaks for itself and denies any characterization of it.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies them. Defendants note that the cited document speaks for itself and denies any characterization of it.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies them. Defendants note that the cited article speaks for itself and denies any characterization of it.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies them. Defendants note that the cited hyperlinks do not link to the appropriate webpage.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies them. Defendants note that the cited news release speaks for itself and denies any characterization of it.

44. Defendants state that the cited statement concludes that "We do not believe that the data available support the safety and efficacy of ivermectin beyond the doses and populations indicated in the regulatory agency-approved prescribing information." As to the remaining allegations in Paragraph 44, Defendants lack information sufficient to form a belief as to the truth of the allegations, and denies them.

45. Defendants note that the cited news release states that "The current evidence on the use of ivermectin to treat COVID-19 patients is inconclusive. Until more data is available, WHO recommends that the drug only be used within clinical trials." As to the remaining allegations in Paragraph 45, Defendants lack information sufficient to form a belief as to the truth of the allegations, and denies them.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies them. Defendants note that the cited article speaks for itself and denies any characterization of it.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies them. Defendants state that the cited websites speaks for themselves and denies any characterization of it. Currently the hyperlink to the Front Line Covid-19 Critical Care Alliance only refers to a "Provider Directory."

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies them.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies them.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies them.

## Mo. Rev. Stat. § 338.055.7

### Overview

51. The allegations in Paragraph 51 are legal conclusions to which no response is required. The cited legal authority speaks for itself. Defendants further lack information or belief as to the motivations for the § 338.055.7, RSMo, and therefore denies those allegations.

52. Admitted.

53. The allegations in Paragraph 53 are legal conclusions to which no response is required.

54. The allegations in Paragraph 54 are legal conclusions to which no response is required.

55. The allegations in Paragraph 55 are legal conclusions to which no response is required.

### Legislative History

56. Admitted.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies them.

58. Admitted.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies them.

60. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies them.

61. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies them.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, denies them.

63. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies them.

64. The allegations in paragraph 64 are legal conclusions to which no response is required. To the extent any response is required, Defendants state that the legislation speaks for itself and denies any characterization of it.

**Potential Discipline Under § 338.055.7**

65. Defendants admit that they have the powers given to them by statute. To the extent any further response is required, the allegations in Paragraph 65 are legal conclusions to which no response is required.

66. Defendants admit that they have the powers given to them by statute. To the extent any further response is required, the allegations in Paragraph 66 are legal conclusions to which no response is required.

67. Defendants admit that they have the powers given to them by statute. To the extent any further response is required, the allegations in Paragraph 67 are legal conclusions to which no response is required.

68. Defendants admit that they have the powers given to them by statute. To the extent any further response is required, the allegations in Paragraph 68 are legal conclusions to which no response is required.

69. Denied.

70. Denied.

71. Defendants admit that they "may cause a complaint to be filed with the administrative hearing commission as provided by chapter 621." § 338.055.2. To the extent any further response is required, the allegations in Paragraph 71 are legal conclusions to which no response is required.

72. The allegations in Paragraph 72 are legal conclusions to which no response is required.

73. The allegations in Paragraph 73 are legal conclusions to which no response is required.

74. Admitted.

**Injury**

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies them.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, denies them.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies them.

78. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies them.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, denies them.

80. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, denies them.

81. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, therefore, denies them.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, therefore, denies them.

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, denies them.

84. The allegations in Paragraph 84 are legal conclusions to which no response is required. To the extent any response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, therefore, denies them.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, therefore, denies them.

## CAUSE OF ACTION

### Claim I: Unconstitutional infringement of free speech

86. Defendants incorporate by reference all responses to the preceding Paragraphs as if set forth at length herein.

87. Admitted.

88. The allegations in Paragraph 88 are legal conclusions to which no response is required.

89. The allegations in Paragraph 89 are legal conclusions to which no response is required.

90. The allegations in Paragraph 90 are legal conclusions to which no response is required.

91. The allegations in Paragraph 91 are legal conclusions to which no response is required.

92. The allegations in Paragraph 92 are legal conclusions to which no response is required.

93. The allegations in Paragraph 93 are legal conclusions to which no response is required.

94. The allegations in Paragraph 94 are legal conclusions to which no response is required.

95. The allegations in Paragraph 95 are legal conclusions to which no response is required.

96. The allegations in Paragraph 96 are legal conclusions to which no response is required.

97. Denied.

**REQUEST FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief and deny the Plaintiff's prayer for relief in its entirety including all subparts therein. Defendants respectfully request that the Court enter judgment in Defendants' favor and against Plaintiff.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff's facial challenge to § 338.055.7 fails because the statute has a lawful application, and Plaintiff cannot show that no set of circumstances exist under which the law would be valid. Indeed, by bringing an overbreadth claim and not pleading in the alternative, Plaintiff concedes this element.

2. Plaintiff cannot show a substantial number of other applications where the law would unconstitutionally burden others' rights, judged in relation to the statute's plainly legitimate sweep.

3. The statute has a number of compelling government interests (including the regulation of the pharmacy profession, ensuring accurate information in dispensing medications, protecting the physician-patient relationship, and promoting the public health) and is narrowly tailored to achieve that result. This also means that the statute satisfies less restrictive standards of judicial review.

4. The statute lawfully regulates professional conduct, including prohibiting the dissemination of misleading information, that incidentally burdens speech.

5. Even if successful on an as-applied challenge, Plaintiff's relief should run only to her because this is not a class action. Section 1983 claims cannot be used to raise the rights of others because those rights are personal to injured parties. Due process and the Constitution's "case or controversy" requirement prevents relief from running to parties not in the litigation.

6. Defendants reserve the right to amend or assert further defenses and affirmative defenses as may be revealed by the litigation.

Respectfully submitted,

**ANDREW BAILEY**

*Missouri Attorney General*

/s/ *Jeff P. Johnson*
 Jeff P. Johnson, MO 73294
 *Deputy Solicitor General*
 Office of the Missouri Attorney General
 P.O. Box 899
 Jefferson City, Missouri 65102
 Phone: 314-340-7366
 Fax: 573-751-0774
 *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, the foregoing was filed electronically through the Court's electronic filing system to be served electronically on counsel for all parties.

*/s/ Jeff P. Johnson*