UNITED STATES DISTRICT
COURT WESTERN DISTRICT OF
MISSOURI
AT KANSAS CITY

ASHLEY STOCK,

        Plaintiff,

v.

        Case No. 22-CV-04104-DGK

JAMES L. GRAY, *et al.*,

        Hon. David Gregory Kays

        Defendants,

**SUGGESTIONS IN SUPPORT OF PLAINTIFF ASHLEY STOCK'S
MOTION TO LIMIT AND EXCLUDE IN PART THE EXPERT TESTIMONY OF
DENNIS K. MCALLISTER, R.PH., FASHP**

i

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. ii

Introduction .......................................................................................................................... 1

Argument ............................................................................................................................. 2

    The McAllister Report oversteps Rule 702 by opining on disputed legal issues; the proper remedy is to limit it and exclude those portions that offer legal opinions. .................... 2

Conclusion ............................................................................................................................ 4

Certificate of Service ............................................................................................................ 5

**INTRODUCTION**

Federal Rule of Evidence 702 governs the admissibility of expert testimony in federal court. Under Rule 702, experts may testify to matters within their area of expertise that help the trier of fact (as long as their opinions are the product of reliable methods tied to facts of the case). But experts may not opine on legal questions; resolving contested questions of law "is the distinct and exclusive province" of this Court. *Batiste v. Titan Med. Grp., LLC*, 2023 WL 5105170, 2023 U.S. Dist. LEXIS 138518, *4 (D. Neb. Aug. 9, 2023) (quoting *United States v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988)). "[E]xpert testimony on legal matters is not admissible." *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003).

Defendants' expert, Dennis K. McAllister, transgresses this rule in his report. *See* Exhibit A to Declaration of Adam Schulman, Affidavit Expert Report of Dennis K. McAllister R.Ph., FASHP ("McAllister Report"). His report opines that the challenged law "furthers the important societal interests and interests of the profession of ensuring accurate, reliable, consistent, and authoritative information is conveyed, protecting the prescriber-patient relationship, ensuring appropriate professional competence for pharmacists, and promoting public trust in the pharmacy profession and the practice of medicine." McAllister Report at 3. And he reaches that conclusion by adopting a contested reading of Mo. Rev. Stat. § 338.055.7 under which the law only prohibits pharmacists from categorically disputing the drugs' efficacy for all human uses. But both the question of statutory interpretation and the ultimate means-ends analysis are legal matters for this Court. They are not the proper subject of expert testimony. For this reason, Plaintiff Stock moves for an order limiting McAllister's testimony to non-legal subjects, and excluding those portions of his report that purport to instruct the Court on interpreting Mo. Rev. Stat. § 338.055.7 and conducting the First Amendment analysis at the heart of this litigation.

1

## ARGUMENT

**The McAllister Report oversteps Rule 702 by opining on disputed legal issues; the proper remedy is to limit it and exclude those portions that offer legal opinions.**

While "testimony on industry practice or standards" "is often relevant and admissible," "[a]n expert cannot testify as to matters of law" or "legal conclusions." *Batiste*, 2023 U.S. Dist. LEXIS 138518, at *4-*5 (citing *S. Pine Helicopters*, 320 F.3d at 841). Testimony that veers over this line "constitutes an impermissible instruction on the law" and "a district court may exclude [it]." *United States v. Walking Bull*, 8 F.4th 762, 768 (8th Cir. 2023). The McAllister Report oversteps the line in two ways and should be limited for those reasons.

*First*, the Report predicates its conclusions on an interpretation of the pharmacist speech ban that only prohibits pharmacists from declaring that the medicines "have no human use or are ineffective for human use generally." McAllister Report at 1.[1] Stock maintains, however, that the natural reading of Section 338.055.7 goes farther, and prohibits pharmacists from disputing the efficacy of the drugs in the context of any given human use prescription they receive (whether that be for on-label uses for parasites or malaria or off-label ones for COVID-19 or baldness). Indeed, before this Court issued its Preliminary Injunction Order, Defendants had acknowledged that the statute could "potentially cover such instances" in the context of specific prescriptions. Dkt. 19-1 at 7; Dkt. 24 at 9.

In this motion, Stock does not ask the Court to determine the ultimate interpretative question on Section 338.055.7. The parties will brief that question more fully at summary judgment, and the Court will find that McAllister's testimony is "based upon an inapplicable interpretation of the law." *Justice v. Carter*, 972 F.2d 951, 956 (8th Cir. 1992) (no abuse of discretion to refuse to admit such testimony). For now though, Stock asks

---

[1] With no apparent foundation, Mr. McAllister also remarks on the statute's legislative history: "The statute identifies a misleading statement that was unfortunately circulated as a result of an unfortunate tweet." McAllister Report at 2.

2

the Court only to limit the admission of McAllister's testimony to professional opinion and to exclude those opinions that involve the statutory construction of Section 338.055.7. *Cf. Church Mut. Ins. Co. v. Clay Ctr. Christian Church*, 746 F.3d 375, 381 (8th Cir. 2014) (interpretation of a contract was "a question of law for the court").

*Second*, building on the impermissible statutory construction, McAllister opines on the existence of "important societal interest[s]" that the speech ban "protect[s]." McAllister Report at 2. His report specifically concludes that "the law [at issue here] furthers the important societal interests and interests of the profession of ensuring accurate, reliable, consistent, and authoritative informed is conveyed, protecting the prescriber-patient relationship, ensuring appropriate professional competence for pharmacists, and promoting public trust in the pharmacy profession and the practice of medicine." McAllister Report at 3; *accord* McAllister Report at 2 ("The statute identifies an area where these goals may be furthered."). These conclusions simulate a constitutional law means-ends tailoring analysis. They are legal arguments for Defendants' papers, and are in fact quite similar to the arguments Defendants did offer in their motion to dismiss and preliminary injunction briefing. *See* Dkt. 19-1 at 9-12; Dkt. 24 at 17-19. They do not belong in an expert report.

Stock seeks a modest remedy. She does not request to strike the McAllister Report or exclude it in its entirety. She merely seeks to limit the Report and exclude those portions of the Report that offer improper legal opinions. This narrow remedy fits the nature of the problem. *See Batiste*, 2023 U.S. Dist. LEXIS 138518, at *7 (denying plaintiff's motion to strike or categorically exclude the expert testimony, but refusing to allow the expert "to testify as to issues of law or to express opinions that invade the province of the Court or the jury.").

3

Case 2:22-cv-04104-DGK   Document 52   Filed 02/16/24   Page 5 of 7

## Conclusion

For these reasons, the Court should grant Stock's motion.

Dated: February 16, 2024        /s/ Jonathan R. Whitehead
Jonathan R. Whitehead, Mo. Bar. 56848
LAW OFFICES OF JONATHAN R. WHITEHEAD LLC
229 SE Douglas, Suite 210
Lee's Summit, MO 64063
Phone: (816) 398-8305
Email: jon@whiteheadlawllc.com

Adam E. Schulman (*pro hac vice*)
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street, NW Suite 300
Washington, DC 20006
Phone: (610) 457-0856
Email: adam.schulman@hlli.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF system.

/s/ Jonathan Whitehead

5