IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ASHLEY STOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-CV-04104-DGK |
| | ) | |
| JAMES L. GRAY, III, et al., | ) | |
| in their official capacities as officers or | ) | |
| members of the Missouri Board of Pharmacy, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO LIMIT THE EXPERT TESTIMONY OF DENNIS K. McALLISTER

This lawsuit arises from the State of Missouri enacting a law forbidding pharmacists from contacting a prescribing doctor or patient "to *dispute the efficacy* of ivermectin tablets or hydroxychloroquine sulfate tablets for human use" unless the doctor or patient asks the pharmacist about these drugs' efficacy first. Mo. Rev. Stat. § 338.055.7 (2022) (emphasis added). A pharmacist who violates the statute by alerting a doctor or patient that the FDA has not approved either drug to treat a particular disease may be professionally disciplined, including potentially losing her license. But a pharmacist who on her own initiative contacts a doctor or patient to *tout* the efficacy of either drug for a purpose the FDA has not approved faces no such sanction. Plaintiff, a pharmacist, contends the statute violates the First Amendment.

Now before the Court is Plaintiff's Motion to Limit and Exclude in Part the Expert Testimony of Dennis K. McAllister. ECF No. 51. Because portions of Mr. McAllister's expert opinion impermissibly engage in statutory interpretation and legal analysis, the motion is GRANTED.

**Standard**

A witness who is qualified as an expert may testify in the form of an opinion. Fed. R. Evid. 702. "However, expert testimony on legal matters is not admissible because matters of law are for the trial judge." *United States v. Bull*, 8 F.4th 762, 768 (8th Cir. 2021). "Accordingly, a district court may exclude the testimony of an expert if it finds that such testimony constitutes an impermissible instruction on the law." *Id.* at 768 (upholding the district court's exclusion of proposed testimony where the expert would have testified "as to her interpretation of what a statute in the State of South Dakota says").

**Discussion**

Mr. McAllister is a pharmacist Defendants have retained to offer expert testimony. After reviewing Mr. McAllister's expert report, Plaintiff moves to exclude his opinions that involve the statutory construction of § 338.055.7 or offer legal opinion and legal analysis. Suggestions in Supp. at 3, ECF No. 52. Plaintiff does not move to exclude Mr. McAllister's testimony regarding general standards for pharmacists or the profession of pharmacy.

In response, Defendants extol McAllister's expert qualifications as a pharmacist and note that it is permissible for an expert to opine on industry standards and practices. But Defendants do not dispute that Eighth Circuit law prohibits a pharmacist from interpreting statutes or offering legal opinions and analysis. Nor could they, because it is firmly established that an expert may not testify as to legal issues or express legal opinions. *See, e.g.*, *Batiste v. Titan Med. Grp. LLC*, No. 22cv190, 2023 WL 5105170 at *2 (D. Neb. Aug. 9, 2023).

Plaintiff's motion is GRANTED. Mr. McAllister may not testify regarding statutory interpretation or offer legal opinions or legal analysis. He may not, for instance, provide legal analysis by identifying what societal interests are purportedly implicated by § 338.055.7, or by

offering a legal balancing test explaining how "[i]ndividual, community, and societal needs are also advanced by appropriate safeguards on the professional speech of pharmacists." Expert Rep. at 3, ECF No. 51-2. Nor may he offer legal opinion by testifying: (1) the statute protects the prescriber-patient relationship by "limiting the way pharmacists may interact with patients or doctors;" (2) "[t]he statute identifies an area where" the goal of public trust in pharmacists "may be furthered;" or (3) "[t]he law furthers the important societal interests and interests of the profession of ensuring accurate, reliable, consistent, and authoritative information is conveyed, protecting the prescriber-patient relationship, ensuring appropriate professional competence for pharmacists, and promoting public trust in the pharmacy profession and the practice of medicine." *Id*. at 2–3. These excerpts from his report are simply examples of impermissible testimony; it is not an exhaustive list.

**IT IS SO ORDERED.**

Date:  May 23, 2024              /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT